FILED
98 DEC 14 PM 1:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

WALTER DANIEL REA,

Plaintiffs,,

vs. CASE NO. CV-97-J-2137-NW

CITY OF PHIL CAMPBELL
and GREG PINKARD,

Defendants.




## MEMORANDUM OPINION

Currently pending before the court are the defendant Greg Pinkard's motion for summary judgment (doc. 14), filed August 3, 1998 and the defendant City of Phil Campbell's motion for summary judgment (doc. 15), also filed August 3, 1993; to which the plaintiff has not responded.[1]

### I. Procedural History

Plaintiff Walter Rea commenced this action on July 8, 1997 by filing a complaint in the Circuit Court of Franklin County alleging that the defendant Greg Pinkard committed assault on the plaintiff during the arrest of the plaintiff, that the defendant Greg Pinkard used excessive force in arresting the plaintiff, that defendant City of Phil Campbell failed to adequately train defendant Pinkard, and that the defendants acted separately and in concert

[1]The court entered a briefing schedule on August 5, 1998, by which a response to the defendants' motions was due on or before September 1, 1998. The case was then transferred to the Hon. Inge Johnson, who allowed the plaintiff additional time, until December 2, 1998, to file a response to defendants' motions.

22

to deprive the plaintiff of his rights under the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by 42 U.S.C. section 1983 and section 1985. The defendants filed a notice of removal to this court on August 19, 1997. Defendants' August 13, 1998 motions for summary judgment assert that the defendant Pinkard is not guilty of any of the plaintiff's state law claims and thus the defendant City of Phil Campbell can have no liability on these claims; that the defendant Pinkard is entitled to immunity from plaintiff's claims in this action and thus the defendant City is not liable on these claims; that the plaintiff has failed to present any evidence that the policies or practices of the defendant City caused the plaintiff's injuries and thus cannot be liable under 42 U.S.C. section 1983 and that plaintiff fails to state maintainable claims under 42 U.S.C. section 1985.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or

is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

**III. Factual Background**

In the light most favorable to the non-moving party, the court draws the following facts from the record currently before the court: On July 8, 1995, Phil Campbell police officer Greg Pinkard observed the plaintiff driving an automobile within the Town of Phil Campbell, Alabama. (Def.'s brief at 2; affidavit of Pinkard at paragraph 6; deposition of plaintiff at 49). Defendant Pinkard observed the plaintiff driving erratically and noted that plaintiff's vehicle only had one working headlight. (Affidavit of Pinkard at paragraph 6). Officer Pinkard followed the plaintiff's car into the Piggly Wiggly parking lot. (Affidavit of Pinkard at paragraph 6). Defendant Pinkard approached the plaintiff's vehicle and asked him for his driver's license, to which the plaintiff stated that he did not have a driver's license. (Depo. of plaintiff at 7). During the course of this conversation, defendant Pinkard detected the odor of alcohol and marijuana. (Defendant's brief at 3). Due to plaintiff's appearance and the odors he detected, defendant Pinkard requested the plaintiff to complete several field sobriety tests. (Depo. of plaintiff at 59-60, defendant's brief at 4).

As a result of these tests as well as the plaintiff's appearance, defendant Pinkard decided to place the plaintiff under arrest for driving under the influence and informed the

plaintiff of this decision. (Affidavit of Pinkard at paragraph 7, depo. of Kathy Rea at 19-20). While placing the plaintiff under arrest, defendant Pinkard attempted to "pat-down" the plaintiff for guns, other weapons or drug paraphernalia. The plaintiff jerked away from defendant Pinkard, and stated "hell no" as he moved away from defendant Pinkard. (Affidavit of Pinkard at paragraph 8, depo. of plaintiff at 66-67, depo of Kathy Rea at 25-26).[2] The dispute between the parties regarding the facts of this case is whether at this point the plaintiff told defendant Pinkard that he could not put his right hand behind his back. (See depo. of plaintiff at 73, affidavit of Pinkard at paragraph 11, defendant's brief at 6).[3] Defendant Pinkard did connect two pairs of handcuffs in order to secure the plaintiff's hands behind his back for transportation to Phil Campbell Town Hall. (Affidavit of Pinkard at paragraph 8, brief of defendant at 6-7). Defendant Pinkard alleges that he never used excessive force to handcuff the plaintiff. (Affidavit of Pinkard at paragraph 8, 11, 12). Plaintiff alleges in his complaint that, as a result of the alleged excessive force or assault, he suffered a torn rotator cuff. (Complaint at paragraph 9).

**IV. Discussion**

Plaintiff's complaint contains claims for assault (Count I); negligent violation of law enforcement standards (Count II); intentional violation of law enforcement standards with

---

[2]During the search of plaintiff's person and vehicle, defendant Pinkard recovered a small bag containing what appeared to be marijuana, a .40 caliber cartridge, tweezers and rolling papers, a loaded .40 caliber Glock automatic pistol, a box of .40 caliber cartridges and fifteen "Lorcet" pills in cellophane. (Brief of defendant at 6-7, depo. of plaintiff at 90).

[3]In his deposition, plaintiff stated that when he told defendant Pinkard that he could not put his arm behind his back, another officer assisted defendant Pinkard in pushing his arm back. (Depo. of plaintiff at 69).

negligent use of excessive force (Count III); negligent training by defendant City of Phil Campbell (Count IV); and violation of plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. sections 1983 and 1985 (Count V).[4]

The plaintiff alleges that his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. sections 1983 and 1985 were infringed when "[e]ach of the defendants, separately and in concert, acted outside the scope of his jurisdiction and without authorization of law and each of the defendants, separately and in concert, acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of his right to freedom from physical abuse, coercion and intimidation." (Count V). Under 42 U.S.C. section 1983, a civil action is maintainable for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." In *Tinny v. Shores*, the 11th Circuit stated:

> In *Graham*, the Supreme Court held that where a particular amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing" the claim.... *Graham* involved a claim that law enforcement officers used excessive force during an investigatory stop. The Court held that all cases involving allegations of the use of excessive force in an arrest ... should be analyzed under the Fourth Amendment.

*Tinny v. Shores*, 77 F.3d 378, 381 (11thCir. 1996); citing *Graham v. Conner*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989). The plaintiff here has failed to assert any claim under the

---

[4]Nowhere does plaintiff allege that his arrest was invalid or without reasonable cause.

Fourth Amendment, instead claiming only a generalized notion that his substantive due process rights were infringed. Under Graham and its progeny, the plaintiff's claims under the Fifth and Fourteenth Amendments are foreclosed.[5] *See Tinny*, 77 F.3d at 381. Furthermore, although the plaintiff has alleged his rights were infringed under 42 U.S.C. section 1985, the plaintiff has not provided this court with the first shred of evidence to support this claim. The evidence before the court is "so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252. All the court has before it is the plaintiff's mere allegations that the defendants conspired to infringe his due process rights found in Count V of plaintiff's complaint. No evidence of specific facts regarding this claim has been set forth by the plaintiff. Therefore, the Court must enter summary judgment for both defendants on this part of Count V of plaintiff's complaint. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996); citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).[6]

From the state of the pleadings before this Court, the complaint appears to also allege a claim for violation of rights under 42 U.S.C. section 1983 by both defendant Pinkard and

---

[5]This is especially true in consideration of the fact that the plaintiff does not claim that the arrest itself was unjustified. Instead, in his deposition, the plaintiff admits both he and his vehicle contained a laundry list of contraband and that he had no driver's license. (Plaintiff's depo. at 81, 90).

[6]The Court notes that there is no such creature as a default summary judgment and therefore the defendants are not automatically entitled to summary judgment in their favor. A failure to respond to a motion for summary judgment results in the waiver of the right to present evidence in opposition to the motion, but the moving party must still show from the pleadings and the evidence that summary judgment is appropriate. *See e.g. Rapps v. Cooke, et al.*, 505 S.R. 566, 568 (Ga.App.1998).

the City of Phil Campbell. However, no evidence of what action the municipality took to infringe these rights has been presented to the court.

In *Monell v. New York City Dept. of Social Services*, 436, U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) the Supreme Court stated that a municipality can only be liable under section 1983 where the municipality itself causes the constitutional violation at issue. Respondeat superior will not attach under section 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 384 109 S.Ct. 1197, 1203 (1988). To impose section 1983 liability on a [local government] actor for failing to act to preserve a constitutional right, a plaintiff must establish: (1) that he possessed a constitutional right which was deprived; (2) that the defendant had a policy or custom; (3) that the policy or custom constituted a deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the deprivation. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1473-75 (9th Cir.1992); *see also Ali v. Clearwater*, 807 F.Supp. 701, 706-07 (M.D.Fla.1992).

Plaintiff has produced no evidence that the City of Phil Campbell has any policy of custom which constituted a deliberate indifference to the plaintiff's constitutional rights. In fact, at deposition, the plaintiff was asked "Are you aware of any policy of the City of Phil Campbell that you consider to be inadequate or in some way deficient?" He responded "not that I'm aware of at the moment." (Depo. of plaintiff at 153).

Regarding the plaintiff's section 1983 claim against defendant Pinkard, the plaintiff

was asked at deposition, "are you aware of any facts that would show that they did not send Mr. Pinkard to receive the training which might have included dealing with handicap people?" The plaintiff responded, "I don't know." (Depo. of plaintiff at 141).

Likewise, at deposition, the plaintiff was asked what law enforcement standards relating to the proper arrest of someone that the defendant Greg Pinkard violated. The plaintiff responded, when asked if he was referring to a specific standard, "I guess not." (Depo. of plaintiff at 148-150).

In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2736-39, 73 L.Ed.2d 396 (1982), the Supreme Court held that public officials whose positions entail the exercise of discretion enjoy qualified immunity from personal liability in Section 1983 actions. In order to establish this good faith defense, a defendant must show that he was acting within the scope of his authority when the allegedly wrongful acts occurred. *Zeigler v. Jackson*, 716 F.2d 847, 849 (11thCir. 1983). Once the defendant establishes his good faith, the burden shifts to the plaintiff to show lack of good faith. *Zeigler*, 716 F.2d at 849; (citations omitted). The plaintiff has presented no evidence that defendant Pinkard acted in anything but good faith in arresting him on the occasion in question. The plaintiff also has not presented any evidence that defendant Pinkard's actions violated clearly established constitutional law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. at 2738; *see also Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994). Therefore, this Court is unable to ascertain any genuine issue of material fact in this Count of the complaint. The Court therefore **GRANTS** the defendants'

motions for summary judgment with regard to the remaining allegations of Count V of the complaint.

The defendants have alleged that at no time did the defendant Pinkard use excessive force to arrest the plaintiff (Counts I, II and III of plaintiff's complaint) and that the arrest was valid. The plaintiff has provided no response to the defendants' motions. Even drawing all justifiable inferences in favor of the plaintiff, the record as a whole cannot lead a rational trier of fact to find for the non-moving party. *See Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992); *Matsushita*, 475 U.S. at 587.

The plaintiff has wholly failed to present any evidence to this court that defendant Pinkard negligently violated any law enforcement standards (Count II); intentionally violated any of law enforcement standards with negligent use of excessive force (Count III); or was negligently training by defendant City of Phil Campbell (Count IV). In fact, no evidence of excessive force has been presented to this court. In the light most favorable to the plaintiff, the court can only glean that plaintiff had trouble placing his right arm behind his back; he claims he communicated this to defendant Pinkard; defendant Pinkard used two sets of cuffs thereafter to handcuff the defendant; and the plaintiff claims he incurred medical bills and pain and suffering. No evidence of injury or medical bills has been presented to this court by the plaintiff, the sole evidence of any injury to the plaintiff are his mere allegations of the same in the complaint; the plaintiff's deposition and the plaintiff's answers to defendant's

interrogatories.[7]

Plaintiff has not put forth any evidence that any law enforcement standards were violated. Due to a complete lack of evidence, this Court must grant the defendants' motions for summary judgment with regard to Count II of the complaint and the Court therefore **GRANTS** the same.

Plaintiff must show that excessive force was used to maintain his claim that the defendant Pinkard intentionally violated any law enforcement standards with negligent use of excessive force as claimed in Count III of the complaint. If no excessive force was negligently used, then this defendant could not have intentionally violated a standard by negligently using excessive force. Because, as previously set forth, the plaintiff has wholly failed in his burden of proof to show any excessive force was used, the Court **GRANTS** the defendants' motions with regard to Count III of the complaint.

Likewise, the plaintiff has produced no evidence to support his claim that defendant Pinkard was inadequately trained by defendant City of Phil Campbell (Count IV). The defendants' have produced an in depth statement of the training defendant Pinkard has received. (Affidavit of defendant Pinkard at 2 - 6, and Exhibit A to defendant Pinkard's affidavit). Therefore, the Court **GRANTS** the defendants' motions with regard to this Count

[7]Both the plaintiff's deposition and the answers to interrogatories were filed by defendants. The deposition is an exhibit to defendants' motions for summary judgment. The answers to interrogatories are Exhibit D to defendants' motion to dismiss or in the alternative to extend deadline to complete discovery.

of the complaint.

Additionally, the lack of evidence to support plaintiff's allegations that defendant Pinkard negligently violated any law enforcement standards; intentionally violated any of law enforcement standards with negligent use of excessive force; or was negligently training by defendant City of Phil Campbell also fails to offer any support for the plaintiff's claim that defendant Pinkard assaulted him during his undisputedly lawful arrest. Therefore, the Court **GRANTS** the defendants' motions for summary judgment with regard to Count I of the complaint as well.[8]

**DONE** and **ORDERED** this the 14 day of December, 1998.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

[8]The defendants, in their summary judgment briefs, make long arguments that defendant Pinkard, as a police officer, is entitled to qualified immunity from suit. This court notes that the Alabama Legislature adopted section 6-5-338(a), Code of Alabama 1975 which provides that "every peace officer ... whether appointed or employed as such peace officer by the state or a county or municipality thereof ... and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of ... the criminal laws of this state ... shall at all times be deemed to be officers of this state, and as such **shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties** emphasis added). Counts I through IV of plaintiff's complaint are state law claims. However, as the plaintiff has produced no evidence to support these claims, the question of the extent of defendant Pinkard's immunity is precluded. This Court can find no reason to go through the academic exercise of analyzing whether this section of the Alabama Code provides immunity from tort actions when the plaintiff has failed in his burden of proof to establish that any tort liability, absent immunity, could exist. *See Sheth v. Webster*, 145 F.3d 1231, 1236-1237 (11th Cir. 1998). *See also Hunter v. Bryant*, 502 U.S. 224, 226, 112 S.Ct. 534, 536 (1991)(qualified immunity shields the defendant from a suit for damages if "a reasonable officer could have believed the arrest to be lawful..."); citing *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987).